The argument is Cohen v. Chernushin. Good morning. Good morning. May it please the court. My name is Mark Larson, I represent the appellant, the Chapter 7 Trustee Robertson Cohen. I will attempt to preserve three minutes for rebuttal. This is a case about the property rights of the bankruptcy estate, vested under Federal law. The bankruptcy court and the district court improperly allowed state property law to intercede in the Federal bankruptcy proceeding. The lower court's decision... Well, did it intercede or was it always there? I don't believe it was there, I believe... Joint tenancy, did it go away when the bankruptcy was filed? When the bankruptcy was filed, the estate steps into the shoes of the debtor. The estate has all of the rights and powers of the debtor. But no more rights or powers. No more rights, that's correct. So if the debtor only had a life estate, and the debtor dies, there's nothing for the trustee to hold. I disagree, I disagree, because the estate is now the owner of those rights. Under the bankruptcy code, all of those rights become ownership of the Chapter 7 trustee, and it is measured by the life of the estate, which continues to live. The bankruptcy estate is created under 541 of the bankruptcy code. The question was a little different. The question was if the debtor had a life estate, not a joint tenancy. If the debtor has a life estate in a piece of property, when the bankruptcy is filed, and during the bankruptcy the debtor dies, does the life estate expire? It may. It may, because now we're talking about a life estate that's created prior to the petition date. What we're talking about is on the petition date, what does the debtor have? The debtor has a joint tenancy right. That right now belongs to the estate. Well, he has a joint tenancy right subject to the right of survivorship of the other joint tenant. In his bundle of sticks, it's a different stick than what you're describing in terms of his property right. Are you talking about the estate's bundle of sticks or the debtor's bundle of sticks? Well, you just told me that the estate can't get more than the debtor had. It gets exactly what the debtor had. The debtor was alive on the petition date. The debtor only had a right to joint ownership in the property until the debtor died, at which point automatically fee simple goes to the other joint tenant. That's the argument on the other side. That's the argument that the lower courts held. I agree. But I disagree. The bankruptcy law now applies. And the bankruptcy law specifically provides that those rights and interests belong to the estate. If we look at five. She's just limited your rights. I'm sorry. Because it is a joint tenancy. Your right is limited. You don't walk in and own the whole thing automatically and just say, get out of here, other joint tenant. You do not exist. That isn't how it works, is it? It is not how it works, per se. There are rights to seize property of the bankruptcy estate. But there's also rights to sell it under 363A. I'm talking about the other joint tenant. Yes. The bankruptcy code does provide. The widow here. Yeah. Under another joint tenant. Correct. The widow has a joint tenancy right. And that continues to exist as well. But the bankruptcy court allows the Chapter 7 trustee to sell that right. To sell the joint tenant's right right out from under whomever that joint tenant is. Where is that written? 363H, Your Honor. It provides that the trustee has the right to sell property of the bankruptcy estate. It, again, uses that seven-letter phrase, rights that existed on the petition date. And it can sell that joint tenant's rights out from under it. So it doesn't pertain directly to joint tenancy. It doesn't refer to that, per se. That is our problem here, is to determine what rights continue on with the other joint tenant, if any, and what rights are given automatically in toto or not to the trustee. Right? That's the issue. That is the issue. And we believe that the estate is the joint tenant after the petition date. It has all of the rights and interests that the debtor had on the petition date. And that right is a joint tenancy subject to the right of survivorship of the other joint tenant, just like a life estate isn't the – when somebody goes into bankruptcy and they have a life estate, the trustee doesn't get an estate in fee simple. You'd agree with that? I'm sorry. If they have a life estate? Yes. I agree. It's determined on the petition date. So just like that, if someone has a joint tenancy subject to a right of survivorship of the other tenant, the bankruptcy can't take that and treat it as a co-tenancy because they're different property interests. I think that that's probably right. Well, at least under the statute it provides that, and prior cases had stated that, the bankruptcy petition severs that joint tenancy and creates a tenants in common. And the statute was changed to make sure that doesn't happen. However, it's our position that the estate now stands in the shoes, and that is replete within the bankruptcy proceedings and cases which say the trustee, as representative of the bankruptcy estate, stands in the shoes of the debtor. In fact, under five – So you want to stand in better shoes. I think it's the same shoes, Your Honor. 521 – The debtor lost all rights in that property, you know, immediately upon his death because there was a superior right in the property. But the debtor had lost and given up his rights in that property many months before that, when he filed the chapter of bankruptcy petition. And that he could only give what he had. That's correct. On the petition date. And that's the measuring stick. What did he have on that petition date? Because there are other parties at interest here, not just the widow here or the other joint tenants. There are creditors who have a right to be paid something from the bankruptcy estate. And that's exactly what the Bankruptcy Code does. It locks in place the rights and the property rights and gives them to the estate on that petition date. 521, 11 U.S.C., 521A4, specifically states that the debtor shall give over all rights to property to the estate on the petition date. Moreover, 544A3 makes the Chapter 7 trustee a bona fide purchaser for value of that estate. Again, it uses the seven-word phrase. As to creditors, right? It makes him a bona fide purchaser of the property of the estate in order to use that against other creditors. Right. She's not a creditor. No, she's not. And there's been no transaction, you know, that you could avoid. You know, just as a matter of property law, her interest came into being, her fee simple interest. If I understand, her ownership interest of the entire parcel without another joint tenant, that's the argument of the other side. We disagree that that happened because the joint tenancy rights were transferred to the bankruptcy estate on the petition date. For purposes of bankruptcy, don't we look to state law to determine property interest? We do. And it's pretty clear here that state law would recognize fee simple in the surviving joint tenant. But for the bankruptcy interceding, I agree, that if he was not in a bankruptcy and he passed away, she would become the sole owner of that property in this case. I agree with that. There is a bankruptcy proceeding here. And there are rights that the federal government, the Congress has passed, that give rights to the estate. They make the estate the owner of those interests. Stands in the shoes. Actually owns those shoes, if you will. And so the bankruptcy estate has the rights and continues to have the ability to sell that property to pay creditors and to compensate people who were injured through this bankruptcy proceeding. Many cases have found that property rights are determined on that petition date. We use the state property rights to determine that. Thereafter, bankruptcy law applies. We apply what does the bankruptcy code provide. You did not cite a single case where any court has interpreted the bankruptcy code in the way that you're suggesting, where they have held that a joint tenancy with right of survivorship, it doesn't, the surviving joint tenant doesn't get fee simple because there's been an intervening bankruptcy. I have not found that case. That's correct, Your Honor. This is, in my opinion, a case of first impression. I have not found that case. I've been searching for two or three years, Your Honor, for that case. I guess two and a half years now for that case, and I have not found it. I would agree with you. This is a case of first impression. Have you found one that says a life estate gets turned into the bankruptcy trustee gets a fee simple if they have a life estate, and they die? I have not found that case, but I believe. That would be even better. I'm sorry? That would be even better for you. It would. And I haven't left a stone unturned, Your Honor. I've looked very hard. But this is a case that doesn't occur very often. Several things have to happen for a case such as this to happen. To be frank, there aren't that many deaths that occur. Well, there is an old case, isn't there, from the District of Colorado decades ago. It was written by Judge Nottingham. The Slifco case, yes, that's correct, and where he actually determined that under the – So there is an old case. I guess that's not – I don't think that's old. It's from the 90s, I believe, or it's actually from just about 10 years ago, if I might. But Judge Nottingham did determine that, yes, but he determined that the joint tenancy was terminated by the bankruptcy petition because there was an intent to terminate that joint tenancy by the final invention. And hence the new statute in Colorado. That prompted the new statute to come into being. That's correct. In an attempt to affect bankruptcy proceedings, which I'm not sure is proper, but I'm not sure that we have to get into that. What we can – what we just have to do is rely on – Well, okay. Well, we can. So now you're saying the state statute's unconstitutional? I am not saying that, Your Honor. You make a supremacy clause argument. I do. I do. Because what I'm arguing is that the bankruptcy code is supreme to Colorado state law, and the bankruptcy code has set up these procedures for selling property of the bankruptcy estate, property determined on the petition date. And so the bankruptcy – But it's very clear that the bankruptcy code defers to state law as to the definition of property interest. It does. And I think all of the case law does. So all you can get on the date of the filing of the bankruptcy is whatever property interest Colorado recognized. The property rights are determined on the petition date. That is correct. As determined by the State of Colorado. That is correct, Your Honor, yes. That's why we state that the estate is the joint tenant. And let's not forget there is a bankruptcy rule applied here, that – Rule 1016, which says that the death of the debtor shall not affect the liquidation of the debtor's property. Well, that's just a procedural provision. I mean, all that's just saying move along, get the case wrapped up. It doesn't give you any additional powers or authorities or rights, does it? Well, what it says is, is that the bankruptcy shall proceed as if he had not passed away. Well, it says in the same manner, so far as possible, as though the death or incumbency had not occurred. Agreed. So in my life estate example, it would not be possible for the bankruptcy court to continue to exercise any authority over the life estate that disappeared when the debtor died. I think that's correct, Your Honor, yes. If there are no further questions, I'd like to preserve the rest of my time. Thank you. Thank you. Good morning, Your Honors. Good morning. My name is Michael Gates. I am here on behalf of the appellee, Andrea Trenutian. Ms. Trenutian is the surviving spouse of the debtor in this case.  Would it have made any difference if there had been a pending attempt, formal attempt by the trustee to sever the joint tenancy? There might have been, yes, Your Honor. But the reality is that he didn't do that. The bankruptcy case was filed in August of 2015, the original petition. The trustee took no action on this home in Crested Butte, Colorado, until June 15th of 2016, so ten months later, and approximately a week after the trustee knew that the debtor had passed away. He took no, he made no attempts whatsoever. I think it's understood and agreed in the record that, in fact, by the parties that there was no other indication of any attempt either by the trustee or by Gregory Trenutian to sever the joint tenancy while it was still, while the debtor was still alive. But to answer your question directly, it might have made a difference because the trustee would have had a right he could exercise on at that point. Once the debtor passed, he no longer had a right to exercise on. Well, he would have no right to exercise unless the severance had been completed rather than just pending. Correct. Right. But he didn't do anything. He didn't attempt to market the property. He didn't do anything with it. It's, I think, agreed and understood and stipulated in the record that in this particular case, there are some other cases out there that suggested the debtor may have misrepresented what the interest was. This is not one of those cases. The debtor represented from the beginning that he owned this property in joint tenancy with his wife, so the trustee knew from the beginning that this was a joint tenancy and was on notice that if he was going to act on it, he needed to do so, you know, fairly quickly. I mean, unfortunately, this was not a predictable death, and it's a tragic situation, but it was in our minds to address one of the points they raised in their brief. It's immaterial how he died or why he died to the determination of the court here. I think it's understood quite well in Butner versus the United States that absent certain special provisions in the bankruptcy code, the code generally leaves the determination of property rights to the state, and a federal bankruptcy court should take whatever steps are necessary to assure someone with a property right, such as Mrs. Ternushin, who had a joint tenancy right, receives the same protection they would get as if it were in state court. And there's no question in this particular case that if Mr. Ternushin had passed away prior to filing bankruptcy, then Mrs. Ternushin would have received the entirety of this property in Crested Butte. Instead, he passed away after the bankruptcy. I think to your point, counsel has raised Rule 1016 to suggest that, and I think they sort of paraphrase it a little bit conveniently. It actually states that it will not abate a liquidation case to the extent that there's something that's practical to still be able to proceed with it, but that doesn't mean that it creates a property right. It is a procedural rule. The United States Constitution gives Congress the right to make bankruptcy law, and the bankruptcy rules are procedural rules. They do not create substantive rights. In this particular case, they have left it to the state of Colorado, and the state of Colorado has a history with this. There were actually two cases in Colorado that addressed this, one from the 90s, approximately 1993, applying what was then the four unities test in Colorado. And under the four unities test, the judge in that case, district court case, determined that filing of a bankruptcy matter in and of itself severed the four unities. Then the Colorado Supreme Court abolished the four unities test in Colorado, and it was so that that case is no longer really instructive to us because there's no four unities test for a bankruptcy court to apply to determine what the state interest might be. And then in 2007, we had the Slifco case, and under that case, Judge Nottingham ruled that it's actually easier to sever a joint tenancy now that the four unities test had been abolished, and in response to that, the General Assembly for the State of Colorado recodified joint tenancy in Colorado. And to clarify the issue going back to the earlier 93 case specifically set, in Colorado, the filing of a bankruptcy petition by one joint tenant in and of itself is not sufficient to sever the four unities. One of the arguments your opponent makes is that this is a recipe for mischief in the sense of you can have a couple that are in financial distress. They file bankruptcy. Maybe one of them is terminally ill, and only that one files bankruptcy, and then it's a way to avoid the debts for the purpose of the surviving spouse. Do you have a reaction to that? In fact, their argument was, and then that one commits suicide so as to leave some property to the surviving spouse. Yes, I will tell you that argument was extremely distressing to my client. The reality of it is that doesn't change. And in fact, what I would suggest is that it would encourage someone then, if they were suicidal, to commit suicide rather than file bankruptcy, which is the opposite of what the Bankruptcy Code is intended to do, which is to give debtors a fresh start. So under those circumstances, I would say somebody looking at this the way the trustee wants to read this, which is essentially to give the trustee sort of unfettered power to decide when and when the trustee wants to recognize state law, it would discourage somebody from ever filing bankruptcy if they were in those circumstances. They would simply allow whichever life to pass and allow that to the property. Well, filing bankruptcy gets rid of the debt. Correct. If you don't, you leave your surviving spouse with all the debt. I think that was the argument. Maybe or maybe not. I don't know. In this particular case, there is no claim that my client is responsible for any of the debts that the debtor left behind here. So essentially what the trustee is suggesting is that if he were going to commit suicide, he should have done so before he filed bankruptcy. And that's, quite frankly, an offensive argument to my client. If there are no other questions from the panel, I will go ahead and sit down and allow this to conclude. Thank you. Let me address a couple of points briefly addressed by my esteemed colleague. As we've stated here, the joint tenancy was transferred to the bankruptcy estate, and the bankruptcy estate stands in those shoes. There's a case cited, I think it was actually cited by the appellee, in Ray Duncan in this Tenth Circuit where they quoted from another case saying that the trustee takes the same unities intact and unaltered as they existed immediately prior to the bankruptcy petition. And that's our point here, Your Honors, that the determination of the bankruptcy property, the property of the bankruptcy estate is determined on the petition date. Thereafter, the bankruptcy law applies. And Bankruptcy Rule 1016 does, in fact, have the force of law. And it is provided for under the rules-making system that Congress passed and gave the United States Supreme Court the rights to pass those rules. 1016 has dual benefits. The debtor can get a discharge through 1016. On the other hand, the liquidation continues as Chapter 7 is designed to do. And so that discharge can be beneficial where you have a probate estate who may not get a number of claims filed against it so that the actual benefit, the joint tenant, in the end, and not having to pay those creditors through the probate estate. On behalf of the Chapter 7 trustee, we ask this Court to overturn the District Court and the Bankruptcy Court's decisions which improperly allow the state property law to intervene in this bankruptcy proceeding, that the bankruptcy rules and the bankruptcy statutes passed by Congress should be fully applied using the plain meaning of those statutes. If there are no further questions, I'll submit the case. Thank you. Thank you. Thank you, Counsel, for your arguments this morning. The case is submitted.